```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                          |   |                      |
|--------------------------|---|----------------------|
| **ANDREW JOHN KERR,**    ) |                      |
|       Plaintiff,         ) |                      |
|                          ) | Civil Action No.     |
|       v.                 ) | 23-13045-NMG         |
|                          ) |                      |
| **CITY OF ATTLEBORO,**   ) |                      |
|       Defendant.         ) |                      |

                                **ORDER**

**GORTON, J.**

   Pro se litigant Andrew John Kerr has filed a complaint (Docket # 1) in which he alleges that the City of Attleboro violated the Americans with Disabilities Act, 42 U.S.C. § 12131-12165 ("ADA"), when it "refused to allow access to remote participation to City Council meetings via Zoom and would not make a reasonable accommodation in accordance with the A.D.A." Compl. at 4.  Kerr has also filed a motion for leave to proceed in forma pauperis, a motion for leave to file electronically, and a motion that any hearings in this action be held remotely by video or telephone.

   For the reasons stated below, the Court will allow in forma pauperis motion, allow the motion for leave to file electronically, allow the motion for remote participation in hearings, and order Kerr to file an amended complaint.

**I.   Motion for Leave to Proceed in Forma Pauperis**

Upon review of the motion for leave to proceed in forma pauperis, the Court ALLOWS the same.

**II.  Review of the Complaint**

   **A.   Court's Authority to Review the Complaint**

When a plaintiff is allowed to proceed in forma pauperis, the Court conducts an initial review of the complaint and may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may granted, or seeks monetary damages from a party who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations which "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

In conducting this review of the complaint, the Court liberally construes the complaint because Kerr is representing himself.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**B.   Complaint Fails to State a Claim for Relief**

Title II of the ADA states in broad language that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  "To establish a prima facie case of a Title II violation, a plaintiff must show that: (1) he is a 'qualified individual with a disability'; (2) he was 'excluded from participation in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against'; and (3) this exclusion, denial of benefits, or discrimination was 'by reason of [his] disability.'" Sosa v. Mass. Dep't of Corr., 80 4th 15, 30 (1st Cir. 2023) (quoting Snell v. Neville, 998 F.3d 474, 499 (1st Cir. 2021)).  "In cases where the alleged violation involves the denial of a reasonable modification/accommodation, 'the ADA's reasonable accommodation requirement usually does not apply unless triggered by a request.'"  Kiman v. New Hampshire Dep't of Corrs., 451 F.3d 274, 283 (1st Cir. 2006) (footnote omitted) (quoting Reed v. LePage Bakeries, Inc., 244 F.3d 254, 261 (1st Cir.2001)).

Here, Kerr has failed to state a claim under Title II of the ADA.  First, he has not alleged facts from which the Court

3

may reasonably infer that he is a qualified person with a disability as defined in 42 U.S.C. § 12102.

Second, Kerr has not alleged any facts that he was denied from participation in the City of Attleboro's city council meetings by reason of his disability.[1]  Although he cites twenty-five dates on which the City of Attleboro allegedly violated his rights under the ADA (twenty-four of which are two weeks apart from each other), he does not indicate when he specifically when he identified his disability to City of Attleboro and asked the defendant to accommodate that disability by allowing him to participate in city council meetings remotely.  If the City of Attleboro was not aware of his disability and Kerr did not ask them to accommodate his disability by offering remote participation in city council meetings, the City cannot be held liable under Title II of the ADA.

Thus, if Kerr wishes to proceed with this action, he must file an amended complaint to cure these pleading deficiencies.

### III. Motion to File Electronically

The motion to file electronically is ALLOWED provided that Kerr complies with all requirements for electronic filing in the District of Massachusetts, including the following:

---

[1] For purposes of this order, the Court assumes that at the city council meetings Kerr sought to attend, attendees other than city council members were allowed to participate (rather than merely observe).

4

    a.    Kerr must have an individual PACER account to electronically file in the District of Massachusetts.  If Kerr does not have a PACER account, he must obtain one by visiting https://pacer.uscourts.gov/register-account.

    b.    Kerr must contact Tracy McLaughlin (tracy_mclaughlin@mad.uscourts.gov) to obtain access to file electronically through the Court's Case Management/Electronic Case Files ("CM/ECF") system.

    c.    Kerr must follow this District's instructions for pro se litigants filing electronically, which may be found at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.

    d.    Once Kerr registers to file electronically in this action, he will no longer receive notice of docket activity in paper form.  Thus, Kerr must maintain reliable access to the internet and check his email frequently.

    e.    When there is docket activity in this case, the CM/ECF system will send a Notice of Electronic Filing ("NEF") to the email address Kerr provided. This NEF will include docket text. If a document was docketed as part of the docket entry, the NEF will contain a hyperlink to the document.  Once received, Kerr must promptly read the NEF and any documents linked to the same.

    f.    In the fourteen (14) days following the docketing of a document linked to an NEF, Kerr may have one "free look" at the document through the hyperlink in the NEF.  Kerr is strongly encouraged to print or download the document when he avails himself of the "free look" of the document.

## IV. Motion to Hold Hearings Remotely

The motion to hold any hearings in this action remotely by video or telephone is ALLOWED, subject to reconsideration by the

5

Court if the parties' in person attendance is required for proper review or adjudication of the matter at hand.

**V.   Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.   The motion for leave to proceed <u>in forma pauperis</u> (Docket # 2) is ALLOWED.

2.   The motion for leave to file electronically (Docket # 3) is ALLOWED as set forth above.

3.   The motion to hold hearings remotely (Docket No. # 4) is ALLOWED, subject to reconsideration as set forth above.

4.    If Kerr wishes to pursue this action, he must, within twenty-eight (28) days, file an amended complaint in which he sufficiently states a claim under Title II of the ADA.  Failure to do so will result in dismissal of this action for failure to state a claim upon which relief can be granted.

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated: January 8, 2024