UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDREW JOHN KERR,<br>         Plaintiff,<br><br>     v.<br><br>CITY OF ATTLEBORO,<br>         Defendant. | Civil Action No.<br>23-13045-NMG |

ORDER

GORTON, J.

On December 11, 2023, pro se litigant Andrew John Kerr filed a complaint (Docket # 1) in which he alleged that the City of Attleboro violated the Americans with Disabilities Act, 42 U.S.C. § 12131-12165 ("ADA"), when it "refused to allow access to remote participation to City Council meetings via Zoom and would not make a reasonable accommodation in accordance with the A.D.A." Compl. at 4.

On January 8, 2024, the Court issued an order (Docket #6) in which it found that the complaint failed to state a claim under the ADA because (1) Kerr had not alleged facts from which the Court could reasonably infer that he is a qualified person with a disability as defined in 42 U.S.C. § 12102; and (2) he had not alleged any facts that he was denied from participation in the City of Attleboro's city council meetings by reason of his disability. The Court stated that, unless Kerr filed an

amended complaint that cured these pleading deficiencies, the case would be dismissed for failure to state a claim upon which relief may be granted.

On January 29, 2024, Kerr filed an amended complaint. (Docket # 7). In this pleading, Kerr alleges that, on August 28, 2023, he notified the ADA Coordinator for the City of Attleboro of his "Physical Disability" and "asked for a [r]easonable accommodation to participate in meetings remotely." Id. at 1. Kerr does not identify his disability in the amended complaint.

The amended complaint fails to state a claim upon which relief may be granted because Kerr has not alleged any facts, which, if true, would show that he is a qualified person with a disability as defined in 42 U.S.C. § 12102. Further, in the absence of any indication of the nature of Kerr's disability, the Court cannot infer from the amended complaint that the requested accommodation is necessary to allow Kerr to participate in City Council meetings to the same degree that a non-disabled person would be allowed to participate.

Accordingly, if Kerr would like to proceed with this action, he must, within twenty-eight (28) days, file a second amended complaint in which he identifies his disability and alleges facts from which the Court may reasonably infer that he was denied participation in City Council by reason of his

disability.[1]  Failure to do so will result in dismissal of this action with prejudice.

**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: February 29, 2024

---

[1] The second amended complaint will supersede earlier-filed complaints.  Thus, Kerr must include in the second amended complaint all factual and legal claims he wishes to be part of the operative complaint.  In addition, the claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).