United States District Court
District of Massachusetts

| | |
|---|---|
| Andrew Kerr,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. |
| ) | 23-13045-NMG |
| City of Attleboro, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant, the City of Attleboro ("the City"), to dismiss a claim brought by plaintiff, Andrew Kerr ("plaintiff"), under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12131-12165. For the reasons that follow, the motion will be allowed.

In December, 2023, plaintiff filed his complaint, pro se, alleging that the City violated the ADA by refusing to allow him to participate remotely in City Council meetings via Zoom. Plaintiff claims that the City, by so doing, failed to make a reasonable accommodation for him in compliance with the ADA.

Plaintiff subsequently moved to proceed in forma pauperis. In an order addressing that motion, the Court found plaintiff's complaint insufficient to state an ADA claim because it failed to allege that plaintiff is a qualified person with a disability

under 42 U.S.C. §12102 or that his exclusion from Council meetings was due to his disability. The Court subsequently informed plaintiff that, unless he filed an amended complaint curing those deficiencies, his case would be dismissed.

Plaintiff filed an amended complaint in January, 2024, that again failed to identify his disability. In response, the Court gave him a second opportunity to amend his complaint with respect to specific facts showing that he is a qualified person with a disability and that his exclusion from Council meetings was by reason of that disability. Despite the Court's directive, plaintiff has filed a second amended complaint nearly identical to his first. The City moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

On a motion to dismiss for failure to state a claim, the Court must determine whether the operative complaint plausibly states a claim for relief. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). When a complaint is filed pro se, as here, the Court will construe it liberally. Facey v. Dickhaut, 892 F. Supp. 2d 347, 351 (D. Mass. 2012)). Pro se status does not, however, relieve a party from the need to comply with procedural rules and court orders or the need to present sufficient facts to state a viable claim. Brown v. Dep't of Veteran Affs., 451 F. Supp. 2d 273, 277 (D. Mass. 2006).

To state a claim for relief under Title II of the ADA, 42 U.S.C. §12131-12165, a plaintiff must allege that 1) he "is a qualified individual with a disability," 2) he was "excluded from participation" in a public entity's services or activities and 3) his exclusion was "by reason of [his] disability." Buchanan v. Maine, 469 F.3d 158, 170-71 (1st Cir. 2006).

Here, plaintiff's second amended complaint claims that he is a person with a disability and that the City denied him remote participation in Council meetings. See id. It provides no facts, however, alleging that his exclusion was by reason of his disability. Failure to identify a causal link between the alleged disability and the alleged exclusion from a public service is fatal to plaintiff's attempt to state an ADA claim. See Pineda v. Dep't of Children & Families, Civil Action No. 16-12229-WGY, at *10 (D. Mass. Nov. 9, 2016) (dismissing pro se ADA claim where plaintiff failed to allege that she was denied access "by reason of her disability").

Moreover, plaintiff's second amended complaint failed to address or cure identified deficiencies in his first amended complaint. The City's motion to dismiss will therefore be allowed and plaintiff will not be permitted to amend further. See Tr. Safe Pay, LLC v. Dynamic Diet, LLC, No. CV 17-10166-MPK, 2018 WL 3614799, at *8 & n.4 (D. Mass. July 27, 2018) (allowing dismissal of amended complaint after plaintiff failed to cure

previously identified deficiencies); see also Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998) (recognizing that plaintiff's duty to comply with express court orders "extends to litigants who proceed pro se").[1]

**ORDER**

For the foregoing reasons, the motion to dismiss of defendant, the City of Attleboro, (Docket No. 14) is **ALLOWED**. **So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: November 20, 2024

---

[1] To the extent plaintiff's opposition to the City's motion to dismiss attempts to resurrect a First Amendment issue regarding the Council meeting, the Court already determined it to be beyond the scope of the operative pleading. Cf. Tyler v. City of Kingston, 74 F.4th 57, 63 (2nd Cir. 2023) ("In limited public fora such as city council meetings, government entities are permitted to restrict the form or manner of speech offered by members of the public, even if such speech addresses the topic or agenda of that forum").